# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

Nos. 25-1916 & 25-3435

KH; GORDON ACKLEY; RV; JOHANN CLENDENIN; JEAN PERSAD; et al.,

v.

VIRGIN ISLANDS WATER & POWER AUTHORITY; TANTALUS SYSTEMS, INC. a/k/a
TANTALUS SYSTEMS CORP.; ITRON, INC.; ANDREW SMITH; JOHN DOES 1-10

GORDON ACKLEY; JOHANN CLENDENIN; KERRY HARRIGAN; CLIFFORD JOSEPH;
RAYMOND VICTORINE; et al.,
*Appellants in 25-1916*

GORDON ACKLEY; JOHANN CLENDENIN; LEONARD STEPHEN; CATHERINE STEPHEN;
THE FRUIT BOWL, INC.
*Appellants in 25-3435*

———————————————

Appeal from U.S. District Court, D.V.I.
Judge Juan R. Sanchez,
No. 3:21-cv-00081

Before: KRAUSE, CHUNG, and SMITH, *Circuit Judges*
Submitted Under Third Circuit L.A.R. 34.1(a) May 14, 2026;
Decided Jun. 8, 2026

———————————————

NONPRECEDENTIAL OPINION[*]

CHUNG, *Circuit Judge*. Appellants are representative electricity ratepayers who brought a

putative class action against several defendants, including the Virgin Islands Water and

Power Authority ("VIWAPA"), Tantalus Systems, Inc. ("Tantalus"), and Itron, Inc.

("Itron"), for claims stemming from VIWAPA's alleged overbilling of electricity and

---

[*]   This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

ensuing notices for discontinuation of service, and the malfunctioning of the metering system provided by Tantalus and manufactured by Itron.[1] Itron and Tantalus successfully moved to dismiss Appellants' failure-to-warn and territorial-law consumer fraud claims, and VIWAPA successfully moved for summary judgment on Appellants' Fourteenth Amendment due process claim.[2] While the motions to dismiss were pending, the Magistrate Judge stayed discovery, and at the summary judgment stage, the District Court struck certain witness testimony because Appellants failed to comply with Federal Rule of Civil Procedure 26. Appellants challenge these decisions. We will affirm.

## I. THE DISTRICT COURT PROPERLY DISMISSED APPELLANTS' CLAIMS AGAINST TANTALUS AND ITRON.[3]

### A. The Virgin Islands Consumer Fraud and Deceptive Business Practices Act does not apply to the transaction at issue.

Appellants alleged that Itron and Tantalus violated the Virgin Islands Consumer Fraud and Deceptive Business Practices Act (CFDBPA). Appellants failed to state a claim under

---

[1] Because we write for the parties, we assume familiarity with the factual and procedural history and recite only the facts pertinent to our decision.

[2] Defendants also successfully moved to dismiss Appellants' claim under the False Claims Act, 31 U.S.C. §§ 3729–3733. Appellants do not appeal the District Court's dismissal of that claim.

[3] The District Court had jurisdiction pursuant to 48 U.S.C. § 1612(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) *de novo*. Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010). When doing so, "[w]e must accept all factual allegations in the complaint as true [and] construe the complaint in the light [most] favorable to the plaintiff." Id. Dismissal is appropriate when the complaint does not "contain sufficient factual allegations so as to state a facially plausible claim for relief." Id. at 230.

2

the CFDBPA. The statute prohibits "deceptive trade acts or practices in the conduct of any trade or commerce." 12A V.I.C. § 304. It defines "deceptive business practice" as any false or misleading representation "made in connection with the sale … of consumer goods or services … which has the capacity, tendency or effect of deceiving or misleading consumers." Id. § 303(e). It further defines "consumer" as "any person who purchases or contracts for the purchase of merchandise … for his use or that of a member of his household." Id. § 303(d). Last, it defines "merchandise" as "any article of commerce usually sold directly to the consumer." Id. § 303(g).

The transaction at issue, namely the sale of an electric-metering system to VIWAPA, falls outside the CFDBPA's scope. The equipment sold to VIWAPA does not constitute the sale of merchandise directly to a person for use in that person's household—it constitutes the sale of an electric-metering system to a public utility for use with the electric grid. Cf. Gov't of U.S.V.I. v. Takata Corp., 67 V.I. 316, 402 (Super. Ct. 2017) ("[T]he Legislature intended for the phrase 'usually sold directly to the consumer' in the definition of 'merchandise' to limit the scope of CFDPBA to consumer transactions, as opposed to general commercial transactions, such as those between a manufacturer and distributor." (citations omitted)).[4] Accordingly, Defendants' conduct falls outside of the scope of the

---

[4] Takata is a decision from the Superior Court, which is persuasive, non-binding authority "in the absence of 'persuasive data that the highest court of the state would decide otherwise." Ndungu v. Att'y Gen. United States, 126 F.4th 150, 171 (3d Cir. 2025) (quoting Singh v. Att'y Gen., 839 F.3d 273, 283 n.5 (3d Cir. 2016)); see Keeley v. Loomis Fargo & Co., 183 F.3d 257, 269 (3d Cir. 1999).

CFDBPA and Appellants' claim fails.[5]

## B. Appellants lack standing to bring their tort claim.

Appellants also maintain that Tantalus and Itron are liable for failing to warn of the substantial risk of harm posed by the electric-metering system's vulnerability to cyberattack. **A38.** To have standing to bring this claim, a plaintiff "must demonstrate (i) that she has suffered or likely will suffer an injury-in-fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." Food & Drug Admin. v. All. for Hippocratic Med., 602 U.S. 367, 380 (2024). An injury-in-fact is one that is "concrete, meaning that it must be real and not abstract"; "particularized," meaning "the injury must affect the plaintiff in a personal and individual way and not be a generalized grievance"; and "actual or imminent, not speculative—meaning that the injury must have already occurred or be likely to occur soon." Id. at 381 (internal quotation marks and citations omitted).

Appellants fail to satisfy the injury-in-fact requirement.[6] They allege that the

---

[5] We may affirm a District Court's judgment on any ground supported by the record, including grounds raised before, but not considered by, the District Court. See Laurel Gardens, LLC v. Mckenna, 948 F.3d 105, 116 (3d Cir. 2020); In re Google Inc. Cookie Placement Consumer Priv. Litig., 806 F.3d 125, 143 (3d Cir. 2015). Because we conclude that the CFDPBA does not cover the transaction at issue, we do not address the parties' other arguments, including whether the Authorized-Action Exemption contained in 12A V.I.C. § 333 applies or whether Appellants forfeited their argument regarding the appropriate analysis under Banks v. Int'l Rental & Leasing Corp., 55 V.I. 967, 984 (2011).

[6] The District Court of the Virgin Islands is established pursuant to Article IV of the Constitution, but it has the same jurisdiction as an Article III court, including the requirement that "litigants … must satisfy the jurisdictional prerequisites of Article III standing." Russell v. DeJongh, 491 F.3d 130, 133 (3d Cir. 2007); id. at 133 n.3 (citing 48

4

metering system provided by Tantalus and Itron is vulnerable to cyberattack and that such a cyberattack would cause them harm in the form of lost power. But they do not allege that a cyberattack has occurred, nor that one is imminent, and their purported injuries are only the fear and anxiety that they will suffer harm from this speculative string of events. In other words, Appellants' fear is not caused by any result, actual or imminent, for which Tantalus or Itron is responsible, but by speculation that such result will occur. They therefore fail to satisfy the injury-in-fact requirement. Cf. Reilly v. Ceridian Corp., 664 F.3d 38, 40–41 (3d Cir. 2011). Because Appellants lack Article III standing, the District Court properly dismissed their tort claim.

## II. APPELLANTS FORFEITED THEIR CHALLENGE TO THE MAGISTRATE JUDGE'S DISCOVERY STAY.

Appellants also contend that the Magistrate Judge abused her discretion by staying discovery pending resolution of Defendants' motions to dismiss. Appellants forfeited that argument by failing to appeal the Magistrate Judge's stay order to the District Judge pursuant to Federal Rule of Civil Procedure 72(a). See Simko v. U.S. Steel Corp., 992 F.3d 198, 205 (3d Cir. 2021). Because Appellants have presented no "truly exceptional circumstances" to warrant review of their forfeited argument, we decline to do so. Id. (internal quotation marks omitted).[7]

---

U.S.C. § 1612(a)).

[7] Appellants' discovery argument is also rendered moot by the District Court's dismissal of the complaint. Even if we agreed that the Magistrate Judge abused her discretion, our decision would not provide Appellants "any effectual relief" because their claims are no longer pending. Chafin v. Chafin, 568 U.S. 165, 172 (2013) ("There is thus no case or

### III. THE DISTRICT COURT'S DECISIONS AT THE SUMMARY JUDGMENT STAGE WERE PROPER.[8]

Following the District Court's dismissal of the above claims, only Appellants' procedural due process claim against VIWAPA remained. That claim alleged that VIWAPA deprived Appellants of due process by overbilling them and threatening to terminate their electricity services without establishing adequate procedures for them to challenge their bills. At the summary judgment stage, the District Court struck certain statements of non-party witnesses for failure to comply with Federal Rule of Civil Procedure 26 and ultimately granted summary judgment in favor of VIWAPA on the procedural due process claim.

#### A. The District Court's Decision to Strike Witness Statements Was Not an Abuse of Discretion.

A party who fails to comply with Rule 26's disclosure requirements "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The District Court determined that Appellants' counsel failed to comply with Rule 26 when she

---

controversy, and a suit becomes moot, 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" (citation omitted)).

[8] We review the District Court's order granting summary judgment *de novo*. <u>Jutrowski v. Township of Riverdale</u>, 904 F.3d 280, 288 (3d Cir. 2018). To prevail, the moving party must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We review an order imposing discovery sanctions for abuse of discretion." <u>Nicholas v. Pa. State Univ.</u>, 227 F.3d 133, 148 (3d Cir. 2000); <u>see</u> <u>also</u> <u>Konstantopoulos v. Westvaco Corp.</u>, 112 F.3d 710, 719 (3d Cir. 1997).

provided untimely and incomplete disclosures of certain witnesses a few weeks before the close of discovery, and failed to provide disclosures at all for other witnesses. Counsel nonetheless submitted declarations by these witnesses and relied on their statements in opposing summary judgment.

VIWAPA moved to strike these statements. In addressing the motion, the District Court considered several factors outlined by this Court to determine whether to exclude the challenged evidence, including "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wil[l]fulness in failing to comply with a court order or discovery obligation." Nicholas v. Pa. State Univ., 227 F.3d 133, 148 (3d Cir. 2000).

After evaluating these factors, the District Court determined that the inclusion of the challenged testimony would not be harmless. It noted that the challenged witnesses were "disclosed late, without particularity, or not disclosed at all," thus depriving VIWAPA of "a meaningful opportunity to depose [them] or serve targeted discovery." A004. In addition, the witnesses' declarations were embedded in Appellants' opposition to VIWAPA's motion for summary judgment, which the District Court concluded severely undermined the ability to cure the discovery violation without disrupting the case schedule.

Appellants contend that the witnesses at issue were intended to serve as rebuttal witnesses, and as such were subject to the impeachment carve-out in Rule 26(a). See Fed. R. Civ. P. 26(a)(1)(A)(i). But the statements were not offered to impeach the credibility of

any defense witness. Rather, they were used to argue that a genuine dispute of material fact existed regarding VIWAPA's alleged failure to provide Appellants with adequate process. Accordingly, the disclosure of the challenged witnesses was bound by the requirements of Rule 26(a).

In light of the foregoing, the District Court did not abuse its discretion by excluding the declarations.

**B. Appellants' procedural due process claim against VIWAPA does not involve a genuine dispute of material fact.**

Public utility customers are entitled to due process before termination of service, namely, notice of future termination and an opportunity to present a billing dispute "to a designated employee empowered to review disputed bills and rectify error." Memphis Light, Gas, and Water Div. v. Craft, 436 U.S. 1, 22 (1978). There is no genuine dispute that VIWAPA provides such procedures. VIWAPA sends a Disconnection Notice to customers whose utility account is more than 20 days past due, which states: "If you have any questions or believe that this disconnection notice is in error, you must immediately contact the business office either by phone or in person." SA079. The Notice provides phone numbers and a website address, and explains that "Customer Service Representatives will be pleased to meet with you and work to help you resolve your utility billing problems." Id. VIWAPA also has billing dispute forms available both on its website and at its customer service offices. If a customer is aggrieved by the outcome of that process, they may appeal to the Virgin Islands Public Services Commission (PSC), a commission with statutory authority to oversee utility complaints that has its own detailed

8

procedures. Collectively, these procedures satisfy the requirements of due process articulated in Memphis Light.

Appellants present no evidence showing that these processes were deficient. In fact, several appellants never availed themselves of the VIWAPA internal complaint process or PSC review process whatsoever, arguing that such efforts would have been futile. We have said that "[w]hen … there is evidence that [] procedures are a sham, the plaintiff need not pursue them to state a due process claim." Alvin v. Suzuki, 227 F.3d 107, 118 (3d Cir. 2000). But unless the available procedures are "unavailable or patently inadequate … the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." Id. at 116. There is no evidence in the record that VIWAPA's procedures were patently inadequate or a sham. Accordingly, the District Court did not err when it held that no genuine dispute of material fact existed and granted summary judgment to VIWAPA.[9]

At bottom, Appellants argue that they were harmed by the overbilling of electricity, and the threat of power loss, caused by the malfunctioning of VIWAPA's meter reading system. We sympathize with these issues and understand that they may have caused significant annoyance and inconvenience. But Appellants have not identified any facts to show that these challenges arose from a denial of *process*. VIWAPA was entitled to summary judgment.

\* \* \* \* \*

---

[9] Appellants' allegations of emotional distress are insufficient for the same reason, as they fail to show "a reasonable probability rather than a mere possibility that damages due to emotional distress were in fact incurred [as a result of a due process violation]." Gagliardo v. Connaught Lab'ys, Inc., 311 F.3d 565, 573 (3d Cir. 2002) (citation omitted).

9

For the foregoing reasons, we will AFFIRM.